UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDICE LILLEY,

                          Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                          Defendant.
_____

<u>DECISION AND ORDER</u>

16-CV-6177L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On July 24, 2012, plaintiff, then thirty-one years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since January 1, 2011. (Dkt. #7 at 20).[1] Those applications were initially denied. Plaintiff requested a hearing, which was held June 25, 2014 before Administrative Law Judge ("ALJ") Connor O'Brien. On September 23, 2014, the ALJ issued a decision finding plaintiff not disabled. (Dkt. #7 at 20-30). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 19, 2016. (Dkt. #7 at 1-4). Plaintiff now appeals.

       The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

(Dkt. #12) is granted, the Commissioner's cross motion (Dkt. #16) is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

An ALJ applies a well-established five-step evaluation process to determine whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that since the alleged onset date of January 1, 2011, plaintiff has suffered from the following severe impairments: seizure disorder, degenerative disc disease of the lumbar spine, menorrhagia (heavy menstrual bleeding) post endometrial ablation and hysterectomy, obesity, hypertension, hyperthyroidism, and depression. (Dkt. #7 at 23).

After reviewing of the evidence of record, the ALJ found that the plaintiff has retained the residual functional capacity ("RFC") to perform sedentary work, except that she requires a sit/stand option that allows her to change positions every 60 minutes for up to 5 minutes without leaving her workstation. Plaintiff cannot climb ropes, ladders or scaffolds, and cannot balance on narrow, slippery or moving surfaces. She can occasionally stoop, crouch, kneel and crawl, and cannot tolerate exposure to hazards, such as unprotected heights or dangerous machinery. Plaintiff can tolerate occasional exposure to extreme temperatures, wetness, humidity and concentrated airborne irritants. She cannot work in isolation, can tolerate only occasional changes in the work setting, can have occasional interaction with the public, cannot perform teamwork, but can meet

daily goals. She cannot maintain an hourly, machine driven, assembly line production rate. (Dkt. #7 at 24-25).

When presented with this RFC, vocational expert Carol G. McManus testified that plaintiff could perform the positions of call-out operator, telephone quotation clerk, and table worker. (Dkt. #7 at 29).

Plaintiff argues that the ALJ erred when she assessed the effect of plaintiff's depression on her RFC without the benefit of a medical opinion, and that her decision was therefore a lay opinion, based on an incomplete record. The Court concurs.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). While it is not *per se* error for an ALJ to make an RFC determination without relying on a medical opinion, the ALJ's determination must be supported by substantial evidence of record. S*ee Tankisi v. Commissioner*, 521 Fed. Appx. 29 (2d Cir. 2013). Thus, where the record is not otherwise complete and fails to meaningfully address a claimant's functional physical and/or mental limitations, the ALJ's duty to further develop the record is triggered, and the ALJ's failure to satisfy that duty is reversible error. *See Williams v. Colvin*, 2016 U.S. Dist. LEXIS 51621 at *12-*13 (W.D.N.Y. 2016).

Here, although the ALJ found that plaintiff's severe impairments included depression, the record was devoid of medical opinion evidence concerning the plaintiff's mental RFC. (Dkt. #7 at 26).[2] Instead, the ALJ stated that her findings concerning the effects of plaintiff's depression

---

[2] To the extent that the RFC report of plaintiff's treating internist, Dr. Bruce MacKellar, contained check-boxes purporting to assess both "physical functioning" and "mental functioning," it was appropriately given little attention by the ALJ in assessing the effect of the plaintiff's depression on her RFC. Dr. MacKellar's opinion makes no mention whatsoever of any of plaintiff's mental health diagnoses or medications, and Dr. MacKellar checked several boxes

3

were based on selected statements from the treatment records of plaintiff's treating internist, Dr. Bruce MacKellar (in particular, three occasions on which plaintiff reported significant improvement with antidepressant medications), and the fact that plaintiff was referred to counseling by Dr. MacKellar, but "stopped going." (Dkt. #7 at 27) ("[r]egarding the claimant[']s mental impairments, records indicate that the claimant has had complaints of depression and anxiety . . . However, the claimant indicated that her symptoms had improved on medication . . . The claimant was referred to counseling but stopped going because she felt like it was not doing anything for her . . .").

While Dr. MacKellar's treatment notes and plaintiff's treatment history are undoubtedly relevant, neither provides any meaningful, objective indication of plaintiff's ability to perform the mental and/or physical demands of work. In any event, "the ALJ's own interpretation of [a treating physician's] treatment notes does not supersede the need for a medical source to weigh in on [a claimant's] functional limitations." *Hooper*, 199 F. Supp. 3d 796 at 816 (citing *Ramos v. Colvin*, 2015 U.S. Dist. LEXIS 26590 at *26 (W.D.N.Y. 2015)).

Stated simply, the record lacks a useful medical opinion by any treating or examining source that addresses whether and to what extent plaintiff's mental impairments impact her ability to perform work-related functions. As such, the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician. *See Hooper v. Colvin*, 199 F. Supp. 3d 796, 815 (S.D.N.Y. 2016) (remand is required where ALJ "made [claimant's] disability determination based on a record devoid of any truly complete

---

indicating that the concerns for which he was treating plaintiff related to "physical health" and not "mental health." (Dkt. #7 at 681). There is not the slightest indication anywhere in Dr. MacKellar's opinion that the "mental functioning" limitations he checked ("moderately limited" in attention and concentration, and "very limited" in ability to work at a consistent pace) bear any relationship to depression or any other mental health diagnosis. Taken in context, the "mental" limitations he describes relate solely to plaintiff's seizure disorder, back pain, hypertension and/or hypothyroidism, as those are the only diagnoses mentioned in the report. (Dkt. #7 at 682).

4

medical opinion"). *See also Haymond v. Colvin*, 2014 U.S. Dist. LEXIS 68511 at *22 (W.D.N.Y. 2014) (remand is required where "no psychiatrist, psychologist, social worker, or counselor examined Plaintiff and gave an opinion regarding the functional limitations caused by her . . . mental impairments").

The Commissioner argues that because the record reflects only minor psychological impairments, the ALJ was within her discretion to make a "common sense judgment" concerning the claimant's limitations, and no medical opinion evidence was necessary. *Gross v. Astrue*, 2014 U.S. Dist. 63251 at *51 (W.D.N.Y. 2014) (quoting *House v. Astrue*, 2013 U.S. Dist. LEXIS 13695 at *10 (N.D.N.Y. 2013)). However, the Commissioner's *post hoc* characterization of plaintiff's mental impairments as minor is undermined by the ALJ's step two finding that plaintiff's depression is a "severe" impairment. (Dkt. #7 at 23). *See Jones v. Colvin*, 2015 U.S. Dist. LEXIS 116298 at *10-*11 (W.D.N.Y. 2015) ("because the ALJ concluded that Plaintiff's depression was significant enough to constitute a severe impairment, his subsequent failure to obtain a medical assessment of the extent of that impairment from either a treating or consultative examiner quantifying Plaintiff's mental limitations rendered the record incomplete"). In any event, the leeway given to ALJs to make "common sense judgments" does not typically extend to the determination of mental limitations, which are by their very nature "highly complex and individualized." *Nasci v. Colvin*, 2017 U.S. Dist. LEXIS 31937 at *26 (N.D.N.Y. 2017) (because the determination of mental limitations is extremely complex, an ALJ's RFC finding relative to mental impairments cannot be rendered solely on common sense, but requires medical opinion evidence).

Because the ALJ's RFC finding was not supported by any medical opinions of record with respect to plaintiff's mental impairments, I find that the ALJ did not satisfy her duty to complete

the record, and that her RFC finding was not supported by substantial evidence.  Remand is therefore appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is denied. The Commissioner's decision that plaintiff, Brandice Lilley, was not disabled, is reversed, and the matter is remanded for further proceedings, including but not limited to the obtainment and consideration of medical opinion evidence relative to the limitations, if any, posed by plaintiff's mental impairments.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 19, 2018.